UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DE'BEY,

                Plaintiff,

-against-

CITY OF NEW YORK; COUNTY OF NEW YORK; ADMINISTRATION FOR CHILDREN'S SERVICES; FAMILY COURT OF MANHATTAN; MARSHA WEAKS; THE NEW YORK FOUNDLING; CAITLYN HALL; DISTRICT ATTORNEY OF MANHATTAN; SARA ROLLER WEISS; STEPHANIE EIEL; OFFICER CASTELLANOS; ELSA GASTON; NEW YORK CITY POLICE DEPARTMENT; DEPARTMENT OF CORRECTIONS; NEW YORK CITY HOUSING AUTHORITY; WISE TOWERS; NYC HEALTH + HOSPITALS/ METROPOLITAN; MUBANGA NSOFU,

                Defendants.

**ORDER**

20 Civ. 1034 (PGG) (SLC)

PAUL G. GARDEPHE, U.S.D.J.:

        In his Amended Complaint, pro se plaintiff John De'Bey alleges claims against various government agencies and officers under 42 U.S.C. §§ 1983, 1985, and 1988, and a defamation claim against his neighbor Elsa Gaston.  For the reasons stated below, Plaintiff's defamation claim against Gaston will be dismissed.

## BACKGROUND[1]

        When the events giving rise to this action occurred, Plaintiff was living in Manhattan with his wife, Sylfronia King, and their eight-month-old daughter, A.A., and their two-year-old son, K.A.  (Am Cmplt. (Dkt. No. 3) ¶¶ 9, 18)

---

[1] The Court only discusses facts relevant to its initial screening of the Amended Complaint.

On February 26, 2019, King allegedly told Gaston that "she needed help," and asked her to watch K.A. for a few hours. (Id. ¶¶ 30, 32) Plaintiff had been absent for about a week and, during his absence, King had "a mental breakdown" in connection with "postpartum [depression]." (Id. ¶¶ 32, 40, 86) According to Plaintiff, A.A. "lost a significant amount of weight within a few days while [he] was away." (Id. ¶ 86)

Gaston called "the ACS hotline," and reported that King had "abandoned" K.A. and that A.A. "appeared to be underweight." (Id. ¶¶ 30, 33) Gaston allegedly "snatched" A.A. out of King's arms and weighed her without King's permission. (Id. ¶ 33)

The next morning, New York City Police Department officers and Administration for Children's Services ("ACS") employees entered Plaintiff's apartment without consent or a search warrant. (Id. ¶ 55) Plaintiff asserts that K.A. was with King when the police arrived, and that "police records" show that K.A. "was not reported as malnourished or abused." (Id. ¶ 49)

Plaintiff did not have "any personal history" with Gaston, but he knew from "gossip that had gotten around the building" that Gaston was "jealous" of his family, and that she was a "known liar, instigator and troublemaker." (Id. ¶¶ 31, 47)

## STANDARD OF REVIEW

A district court has the authority to dismiss a complaint, even where the plaintiff has paid the relevant fees, if it determines that the action is frivolous. See Fitzgerald v. First E. Seventh Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). Courts can also dismiss a complaint, or portion thereof, for failure to state a claim on which relief may be granted. Wachtler v. Cnty. of Herkimer, 35 F.3d 77, 82 (2d Cir. 1994). The Court is obligated, however, to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of

2

Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

### I.   DEFAMATION CLAIM

Plaintiff asserts a defamation claim against Gaston arising out of the events occurring on February 26, 2019. (Am. Cmplt. (Dkt. No. 3) ¶¶ 294-96)

In federal court, "parties may plead and conduct their own cases personally or by counsel," 28 U.S.C. § 1654, and "an individual generally has the right to proceed pro se with respect to his own claims or claims against him personally" or to be represented by a licensed attorney. Berrios v. N.Y.C. Hous. Auth., 564 F.3d 130, 132 (2d Cir. 2009). The right to proceed pro se does not extend to "an individual who is not licensed as an attorney" appearing on another person's behalf, including a parent or a non-attorney trustee. United States v. Flaherty, 540 F.3d 89, 92 (2d Cir. 2008); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (1990). A party proceeding pro se "must be litigating an interest personal to him." Iannaccone, 142 F.3d at 558 (citation omitted).

Here, Plaintiff alleges that Gaston told ACS that King had abandoned K.A., and that A.A. appeared to be underweight. These comments are not about Plaintiff. To the extent that Gaston's remark about King could be construed as defamatory,[2] King is not a party to this

---

[2] "Under New York law, the elements of a defamation claim are a false statement, published without privilege or authorization to a third party, constituting fault and it must either cause special harm or constitute defamation per se." Peters v. Baldwin Union Free Sch. Dist., 320 F.3d 164, 169 (2d Cir. 2003) (internal alterations and quotation marks omitted).

action. She is not listed as a plaintiff in the caption of the Amended Complaint, and she did not sign it. In short, the Amended Complaint does not plead facts demonstrating that Gaston defamed Plaintiff, and Plaintiff cannot assert a defamation claim on King's behalf. Accordingly, Plaintiff's defamation claim against Gaston will be dismissed.[3]

## II.     COVID-Related Service Procedures

In light of the COVID-19 outbreak, the efforts to prevent its further spread, and the restrictions ordered by the Governor of New York, the Court's normal process for mailing court orders and other court notices to pro se parties will be delayed. The process for opening, scanning, and docketing mail will also be delayed.

Plaintiff is encouraged, if possible, to consent to receiving notices of electronic case filings ("NEF") electronically, through notifications from the Court's Electronic Case Files ("ECF") system sent to his email address. This would allow the Court to provide Plaintiff with NEFs more quickly and reliably. Plaintiff will also electronically receive documents filed by other parties. If Plaintiff consents to receive filings electronically, Plaintiff will no longer receive the same documents in the mail.

If Plaintiff wishes to consent to electronic service, Plaintiff should fill out the Consent & Registration Form to Receive Documents Electronically, which is available at https://nysd.uscourts.gov/sites/default/files/2018-06/proseconsentecfnotice-final.pdf and return the signed form in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov.

---

[3] To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." West v. Atkins, 487 U.S. 42, 48-49 (1988). There are no allegations in the Amended Complaint suggesting that Gaston acted under color of state law. Accordingly, Plaintiff has not stated a Section 1983 claim against Gaston.

Plaintiff may also wish to submit documents for filing by emailing documents to the Clerk's Office instead of mailing them.  Plaintiff may do that using the same Temporary_Pro_Se_Filing@nysd.uscourts.gov email address.  Instructions for filing by email are available at https://nysd.uscourts.gov/forms/instructions-filing-documents-email.

## **CONCLUSION**

Plaintiff's claims against Elsa Gaston are dismissed.  Plaintiff is granted leave to amend as to Gaston.  Any motion to amend the Amended Complaint is to be filed by **June 8, 2020**, and will include as an exhibit a proposed Second Amended Complaint.  This Order will be mailed to pro se Plaintiff by Chambers.

Dated: May 6, 2020
       New York, New York

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

5