UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DE'BEY,

                    Plaintiff,

   -v-

THE CITY OF NEW YORK, et al.,

                    Defendants.

CIVIL ACTION NO.: 20 Civ. 1034 (PGG) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

Before the Court is the motion of pro se Plaintiff John De'Bey ("De'Bey") for leave to file a second amended complaint (the "Motion"). (ECF No. 45). De'Bey has included with the Motion a proposed second amended complaint (the "SAC"). (Id.) The City takes no position on the Motion (ECF No. 54), and the other defendants have not yet appeared in this action. For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART.

                    I.     **BACKGROUND**

In the SAC, De'Bey asserts claims under 42 U.S.C. §§ 1983, 1985, and 1988, and state tort law, against the City of New York (the "City"); New York City Police Department ("NYPD") Officer Castellanos and Detective Stephanie Eiel; New York Health & Hospitals/Metropolitan (properly, New York City Health & Hospitals Corp. ("NYCHHC")); Administration for Children's Services ("ACS") employees Mubanga Nsofu, Conrad Seivwright and Marsha Weaks; Assistant District Attorney Sara Weiss; the New York City Housing Authority ("NYCHA"); Wise Towers, a NYCHA

housing project; The New York Foundling, a foster care agency[1]; and Elsa Gaston ("Gaston"), a neighbor. (ECF No. 45). De'Bey alleges that Defendants conspired to violate his due process and other constitutional rights. (Id.)

### A. Factual Background

The Court's summary of the allegations is drawn from the SAC, which the Court has liberally construed, given his pro se status. See McCloud v. Mayers, No. 03-0236, 2005 WL 181649, at *1 (2d Cir. Jan. 25, 2005) (summary order) ("This Court construes the papers of pro se litigants liberally."); Massie v. Metro. Museum of Art, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009) (noting that courts in the Second Circuit "apply[] a more flexible standard" to pro se submissions).

#### 1. Events leading up to arrest

At the time of the incidents alleged in the SAC, De'Bey and his wife, Sylfronia King ("King"), lived in Wise Towers, a NYCHA housing project in Manhattan. (ECF No. 45 ¶¶ 143–44). On February 13, 2019, De'Bey's son and daughter went with King to visit their grandmother in Queens. (Id. ¶ 29). After a dispute with King, a groundskeeper called ACS and falsely reported that the son was outside unsupervised. (Id. ¶¶ 30, 32).

That day, two ACS workers, one of whom was Defendant Conrad Seivwright ("Seivwright"), called the NYPD after King would not let them into the grandmother's apartment. (ECF No. 45 ¶¶ 33–35). NYPD officers arrived, and entered the grandmother's apartment without consent, purportedly to conduct a welfare check as to the children. (Id. ¶¶ 37–38). The children were "healthy and unharmed," and there was no evidence supporting the groundskeeper's claim.

---

[1] The New York Foundling is no longer a defendant in this case. On June 16, 2020, De'Bey voluntarily dismissed The New York Foundling (ECF No. 55). The dismissal was so-ordered by Judge Gardephe on June 18, 2020 (ECF No. 56).

2

(Id. ¶ 41). Seivwright told King that the children could not remain at their grandmother's apartment because it lacked running water and gas. (Id. ¶ 42). The grandmother informed Seivwright that King and the children were only visiting and gave Seivwright De'Bey's contact information. (Id. ¶ 44).

That evening, Seivwright brought King and the children back to Wise Towers where De'Bey was waiting. (ECF No. 45 ¶¶ 49–50). Seivwright checked the apartment and deemed it safe. (Id. ¶ 58). The children remained with De'Bey and King, but Seivwright informed them that ACS would conduct a second inspection. (Id. ¶ 60). Three days later, on February 16, 2019, De'Bey received a call from an ACS caseworker. (Id. ¶ 61). After a brief conversation, the caseworker said he would call De'Bey back, but never did. (Id.)

On February 21, 2019, De'Bey and King had a dispute, and De'Bey left the home for seven days. (ECF No. 45 ¶ 67). On February 26, 2019, while away from the apartment, De'Bey received a phone call from ACS, informing him that ACS agents, including Defendants Marsha Weaks and Mubanga Nsofu, were currently at his apartment and attempting to gain access. (Id. ¶ 68). De'Bey spoke with ACS and NYPD Officer Castellanos and Detective Stephanie Eiel ("Eiel") on the telephone, and then spoke with King and convinced her to let them in the apartment. (Id. ¶¶ 79–86, 178).

The children were taken into ACS custody, and De'Bey was arrested and charged with endangering the welfare of the children. (ECF No. 45 ¶ 146). De'Bey later learned that Gaston had called the ACS hotline number after King had asked Gaston to "help" with her son for a few hours. (Id. ¶¶ 69–70). Gaston reportedly told ACS that De'Bey's daughter appeared to be underweight and that King and De'Bey had abandoned their son. (Id. ¶¶ 72–74).

3

### 2. Detention and plea

While at the police station, Eiel took De'Bey's phone (without providing a receipt or voucher), and asked De'Bey questions about his relationship with King and the children. (ECF No. 45 ¶¶ 184–87, 195). Eiel repeatedly demanded De'Bey's phone password, delivered his phone to Defendant ADA Sara Weiss, and has still not returned De'Bey's phone. (Id. ¶¶ 194–97). De'Bey also asserts that Eiel only read De'Bey his Miranda rights after questioning him at the station. (Id. ¶ 192).

While detained on Rikers Island, De'Bey asserts that he was denied access to the courts. (ECF No. 45 ¶ 168). Specifically, De'Bey alleges that Defendants failed to produce him for a Family Court hearing regarding the children's custody (id. ¶ 158), and failed to serve him with a Complaint in Housing Court, resulting in his default. (Id. ¶¶ 148–52).

On May 2, 2019, De'Bey entered a plea deal. (ECF No. 45 ¶ 202). De'Bey alleges that the deal was coerced and that he only admitted to the charges to avoid losing his children. (Id. ¶¶ 134, 205, 247–51). He contends that he did not understand the contents of the plea agreement until after it was executed. (Id. ¶¶ 258–63).

### 3. Release

De'Bey was released on May 5, 2019. (ECF No. 45 ¶ 152). On July 24, 2019, as condition of his probation, De'Bey met with a psychiatrist affiliated with "Health + Hospitals /Metropolitan" (a facility owned and operated by NYCHHC), who falsely reported that De'Bey's mother and sister suffer from bipolar disorder. (ECF No. 45 ¶¶ 266–73). As a result, De'Bey's mother and sister were not allowed to take custody of the children. (Id. ¶ 485).

On November 11, 2019, De'Bey and King had another son. (ECF No. 45 ¶ 101). On January 7, 2020, while De'Bey and King were visiting the daughter and older son at The New York Foundling, where they were in foster care, ACS workers "confronted" them and asked where the newborn was. (Id. ¶ 100). De'Bey told them that the child was living with his mother and sister in Queens because of the "open case." (Id. ¶ 102). That night, the newborn was also taken into ACS custody. (Id. ¶ 103).

De'Bey asserts that Defendants conspired together and discriminated against him and his family because they are members of the Akom religion. (ECF No. 45 ¶ 106). De'Bey claims that ACS and police employees unlawfully entered the family home; that the police falsely arrested him; that ACS employees made false statements, and "withheld exonerating evidence" in New York County Family Court proceedings to justify the emergency removals; that Gaston conspired with ACS; and that NYCHA illegally initiated eviction proceedings against them. De'Bey seeks declaratory and injunctive relief, and money damages against all of the Defendants.

**B. Procedural Background**

On February 6, 2020, De'Bey filed the complaint (ECF No. 1), and on February 10, 2020 filed an amended complaint (the "Amended Complaint") (ECF No. 3).[2]

On March 5, 2020 De'Bey filed proof of service as to the City, indicating that the Summons and Amended Complaint were hand-delivered to the firm Schiavetti Corgan DiEdwards the "attorney[s] for the City of New York." (ECF No. 6). On March 16, 2020, De'Bey filed proof of service indicating that the Summons and Amended Complaint were served on a receptionist for

---

[2] The amended complaint made one, non-substantive change. (Compare ECF No. 1 ¶ 7 with ECF No. 3 ¶ 7).

The New York Foundling.  (ECF No. 7).  On March 31, 2020, counsel appeared on behalf of The New York Foundling.  (ECF No. 8).

On April 2, 2020, De'Bey filed proof of service as to Gaston, indicating that she was served March 16, 2020.  (ECF No. 11).  On April 29, 2020, De'Bey filed proofs of service indicating that he had served the remaining defendants by certified mail.[3]  (ECF Nos. 21–36).

On May 6, 2020, the Honorable Paul G. Gardephe dismissed De'Bey's claims against Gaston for failure to adequately plead his defamation claim.  (See ECF No. 37).  Judge Gardephe ordered that De'Bey could file a motion for leave to amend by June 8, 2020, and directed him to attach a proposed amended complaint to the motion.  (Id. at 5).

On May 13, 2020, New York City Corporation Counsel appeared on behalf of NYCHHC and the County of New York, the New York City Administration for Children's Services, the New York City Police Department, and the New York City Department of Correction (the "City Entities") stating that the City Entities "are non-suable entities" that would not respond to the Amended Complaint separately from the City.  (Id. at 1 (citing Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) ("Section 396 of the Charter has been construed to mean that New York City departments, as distinct from the City itself, lack the capacity to be sued."))).

On May 15, 2020, the Court ordered De'Bey to serve the Summons and Amended Complaint on Defendants in accordance with Federal Rule of Civil Procedure 4, because Certified

---

[3] NYC Health + Hospitals/Metropolitan (ECF No. 21); Mubanga Nsofu (ECF No. 22); NYC Corp. Counsel for the City (ECF No. 23); NYCHA (ECF No. 24); NYPD (ECF No. 25); Marsha Weaks (ECF No. 26); Sara Roller Weiss (ECF No. 27); Wise Towers (ECF No. 28); ACS (ECF No. 29); County of New York via NY State Attorney General (ECF No. 30); Officer Castellanos (ECF No. 31); NYC Department of Corrections (ECF No. 32); Manhattan DA Letitia James (ECF No. 33); Officer Stephanie Eiel (ECF No. 34); Family Court of Manhattan (ECF No. 35); and Caitlyn Hall (ECF No. 36).

Mail did not constitute proper service. (ECF No. 43). The City informed the Court that the City and NYCHHC would not contest service. (ECF No. 44).

Before effecting proper service, De'Bey filed the Motion. (ECF No. 45). On June 10, 2020, the City stated that it took no position on the motion. (ECF No. 54).

While the Motion was before the Court, De'Bey voluntarily dismissed his claims against The New York Foundling. (ECF Nos. 55–56).

## II. DISCUSSION

The Court construes De'Bey's SAC as seeking leave to amend the complaint to: (1) add defendant Conrad Seivwright; (2) plead additional claims against Gaston; (3) consolidate improperly named defendants County of New York, ACS, NYPD and the New York city Department of Corrections into a single named defendant, The City of New York; (4) remove Caitlyn Hall as a defendant; and (5) correct factual errors and include additional details as to the claims asserted in the Amended Complaint. (ECF No. 45).

### A. Legal Standards

Federal Rule of Civil Procedure 15 provides that a court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities." Monahan v. NYC Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000) (internal citations omitted) ("Rule [15] reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or

defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits.") (internal citations omitted).

The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). This District has held that a Court should deny a motion to amend where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Procter & Gamble Co. v. Hello Prods., LLC, No. 14 Civ. 649 (VM) (RLE), 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)); see also Williams v. Citigroup Inc., 659 F.3d 208, 213–14 (2d Cir. 2011) (per curiam) (reiterating Supreme Court precedent that finds proper grounds for denying a motion to amend as "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment")) (citing Foman v. Davis, 371 U.S. 178, 182 (1962).

**B. Application**

Because leave to amend should be "freely" given, and the City does not oppose the Motion to Amend (ECF No. 54), the Court GRANTS the Motion insofar as he seeks to: (1) add defendant Conrad Seivwright; (2) plead additional claims against Gaston (excluding the defamation claim, as discussed further below); (3) consolidate improperly named defendants County of New York, ACS, NYPD and the New York city Department of Corrections into a single named defendant, The City of New York ; (4) remove Caitlyn Hall has a defendant; and (5) correct

8

factual errors and include additional details to the facts alleged in the Amended Complaint. Friedl, 210 F.3d at 87.

The Court DENIES the Motion as to the claims against The New York Foundling and as to the defamation claim against Gaston.

### 1. Necessary amendments

The SAC in the current form is improper because it includes defendants and claims that have been dismissed and has an incomplete case caption. Specifically, the SAC includes claims against The New York Foundling, which is no longer a defendant (ECF No. 56), and fails to correct the defects in the defamation claim against Gaston (ECF No. 37). Accordingly, the SAC must be amended to: (1) remove the claims against The New York Foundling;[4] (2) remove the defamation claim against Gaston; and (3) correct the case caption to include all remaining defendants.

### a. The New York Foundling

The New York Foundling is a child welfare agency for the City. (ECF No. 49 at 5). On March 31, 2020, counsel appeared on its behalf (ECF No. 8), and on June 5, 2020, The New York Foundling moved to dismiss the claims against it. (ECF Nos. 48–50).

On June 15, 2020, De'Bey filed a notice of voluntary dismissal as to The New York Foundling (ECF No. 55), and on June 18, 2020, Judge Gardephe so-ordered the dismissal. (ECF No. 56). Accordingly, The New York Foundling is no longer a party in this action, and the claims against it in the SAC must be removed.[5]

---

[4] The New York Foundling is included in the case caption (ECF No. 45 at 5), discussed in ECF No. 45 paragraphs 20, 100, 155, 162–63, 166, and included as a defendant to Count XVI. (Id. at 79, ¶¶ 491–99).
[5] The Court notes that De'Bey dismissed The New York Foundling "without prejudice." (ECF No. 55). Because the entity was voluntarily dismissed after the Motion was filed, the Court does not construe the SAC as seeking to re-add The New York Foundling as a defendant.

### b. Defamation claim against Gaston

On May 6, 2020, Judge Gardephe entered an order dismissing De'Bey's defamation claim against Gaston. (ECF No. 37). De'Bey's claim was based on the events in late February 2019 during which De'Bey alleges that Gaston told ACS that his children were abandoned and that his daughter appeared to be underweight. (Id. at 3).

Count IX of the SAC alleges "defamation and actual malice" as to Gaston, among other defendants. (ECF No. 45 at 64). This defamation claim is improper, however, because it is based on the same allegations in the Amended Complaint that Judge Gardephe held were insufficient to state a defamation claim against Gaston. (Compare ECF No. 4 ¶¶ 17, 30–33, 42, 44, 47–49, 294–96 with ECF No. 45 ¶¶ 26, 70–78; 90, 92, 94–95, 391–402). De'Bey has not remedied the defects that Judge Gardephe pointed out in his order dismissing the defamation claim against Gaston. (ECF No. 37). Accordingly, the defamation claim against Gaston must be removed from the SAC. The additional claims against Gaston may remain in the SAC.

### c. Amendments to case caption

The Court notes that claims against Detective Eiel are included in the SAC, but that her name is not included in the case caption. (ECF No. 45 at 5). If De'Bey wishes to maintain his claims against Eiel, he must amend the SAC caption to include her.

In addition, the SAC includes claims against New York Health & Hospitals/ Metropolitan, an entity owned and operated by NYCHHC, but neither entity is included in the case caption. (ECF No. 45 at 5). While the same counsel represents the City Entities and NYCHHC (ECF No. 57), NYCHHC (not New York Health & Hospitals/ Metropolitan) must be separately listed as a defendant and included in the caption.

### III. CONCLUSION

For all of the foregoing reasons, the Motion GRANTED in part, insofar as it seeks to: (1) add defendant Conrad Seivwright; (2) plead additional claims against Gaston; (3) consolidate improperly named City Entities into a single named defendant, The City of New York; (4) remove Caitlyn Hall has a defendant; and (5) correct factual errors and include additional details to the facts alleged in the Amended Complaint.

The Motion is DENIED as to the inclusion of the claims against The New York Foundling and the defamation claim against Gaston.

De'Bey shall have **60 days** from this Order, or until **November 17, 2020**, to file the Second Amended Complaint with all of the corrections required by this Order, and to file proof of service in accordance with Federal Rule of Civil Procedure 4 as to all remaining Defendants.

Dated:     New York, New York
           September 18, 2020

_____
SARAH L. CAVE
United States Magistrate Judge