UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

JOHN DE'BEY,

                                                    *Plaintiff*,

                       -against-

CITY OF NEW YORK, *et al.*,

                                                    *Defendants*.

------------------------------------------------------------------------- x

**CONFIDENTIALITY AND PROTECTIVE ORDER & STIPULATION**

No. 20 CV 1034 (PGG)(SLC)

 

 

**WHEREAS**, Plaintiff *pro se* John De'Bey commenced this action under, *inter alia*, 42 U.S.C. § 1983 against the City of New York and certain employees of the New York City Administration for Children's Services ("ACS") and/or the New York City Police Department ("NYPD");

**WHEREAS**, Defendants and Plaintiff (together, the "Parties"; individually, a "Party") seek discovery in this action that would require the production of documents and information that Plaintiffs and/or Defendants deem to be confidential and/or otherwise inappropriate for public disclosure;

**WHEREAS**, this Stipulation and Protective Order is intended to allow the producing party to designate documents and information as confidential that is not otherwise protected, and to limit the use and re-disclosure of those documents or that information; and

**WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendants (by their counsel), as follows:

1.      As used herein, "Confidential Material(s)" shall mean the following documents, or any and all information contained within those documents: (i) personally identifying information; (ii) medical records of any person; (iii) medical information contained in any person's file maintained by ACS, NYPD, and/or any agents, employees, assigns, contractors, and/or designees thereof; (iv) ACS and/or NYPD policies and training materials; (v) any and all documents included in an ACS or NYPD employee personnel file; (vi) any and all documents contained in an ACS or NYPD case file, including by not limited to, Connections records, ACS case notes, NYPD complaint reports, investigative reports, and incident reports; and (vi) any other documents or information that the Parties agree to, in writing, be confidential.

2.      Any Party required to produce documents (the "producing Party") may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by writing or stamping "CONFIDENTIAL" on top of the first page of each set of documents containing such information that it sends to the receiving Party. It shall not be necessary for any producing Party to mark individual pages of documents as "CONFIDENTIAL" as long as the producing Party produces such documents with a list of the Bates number range(s) designated as Confidential Materials.

3.      No document or information shall be deemed "Confidential Materials" to the extent that it is (i) properly obtained by the receiving Party from a source other than the producing Party; or (ii) otherwise publicly available.

4.      The inadvertent production of Confidential Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of their status as Confidential Materials. Upon receiving reasonable notice from the producing Party that

Confidential Materials have not been appropriately designated, all such information shall be redesignated promptly as Confidential Materials and treated accordingly.

5.      All Confidential Materials obtained in this litigation shall be used by a receiving Party, or any attorney retained by a receiving Party, solely for the prosecution or defense of the claims and affirmative defenses in this litigation, and shall not be used by the receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose.

6.      Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material may be disclosed only to:

        a.      Any party to this action, counsel representing the Parties, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation, litigation or defense of this action;

        b.      the Plaintiff, as long as the Confidential Material disclosed to him is limited to his own Confidential Material or to the Confidential Material of Plaintiff's minor children;

        c.      the officers or employees of Defendants who are either required or requested by counsel to assist in the preparation, litigation, or defense of this action;

        d.      the Parties' experts and consultants, as necessary for the preparation, litigation, or defense of this action in accordance with

the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

e.      any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

f.      any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order; court reporters, as necessary for the conduct of this litigation; and the Court, pursuant to the provisions of Paragraph 10 of this Stipulation and Protective Order.

7.      As used herein, disclosure of Confidential Materials by a receiving Party includes the written or oral transmission of the document or information designated as Confidential Material.

8.      Any Party in possession of Confidential Materials shall disclose such material, including the information contained therein, to a person identified in sub-paragraphs 6(c), 6(d), and/or 6(e) of this Stipulation and Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge such information to any

other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, hold it in escrow, and provide it to the producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript that includes such testimony, together with any exhibits consisting of Confidential Materials, shall be prominently marked "CONFIDENTIAL." This transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

10. If any paper that incorporates any Confidential Information or reveals the contents of Confidential Information is filed with the Court, the party submitting those papers shall seek the Court's permission to file those papers or portions of papers under seal in accordance with the rules of the Southern District of New York and the Individual Rules of the judge to whom the papers are directed.

11. A receiving Party who believes that a producing Party has designated information "Confidential" that is not entitled to such protection may write a letter to the producing Party asking that the Confidential Materials designation be removed or modified and explaining the reason(s) why the receiving Party does not believe that the information is entitled to the designated protection. The producing Party shall have a reasonable time under the circumstances in which to respond to the receiving Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the producing Party believes that the confidentiality designation is proper. If the producing Party does not respond or refuses to

remove or modify the confidentiality designation, the receiving Party may seek relief from the Court.

12.     Except as provided herein, nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

13.     This Stipulation and Protective Order shall be without prejudice to the right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

14.     Within 30 days after the termination of this case, including any appeals, any Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the producing Party or, upon the written consent of the producing Party, shall be destroyed, except that the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Materials, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order". All receiving Parties or persons who have possessed Confidential Materials shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the producing Party.

15.     Nothing in this Stipulation and Protective Order shall be construed to limit or expand any producing Party's authority to use the Confidential Materials that it produces in any manner.

16.     The Parties reserve the right to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

17.     This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

18.     Emailed or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

19.     At the trial of this Action, or at any hearing relating to this Action, before any judicial officer, subject to paragraph 10 above, the Rules of Evidence, and any order of the Court, a Party may use Confidential Materials for any purpose, provided that a minimum of seven days' notice is given to the opposing Party to obtain appropriate protection from the Court.

Dated:        March 1, 2022
              New York, New York

**JOHN DE'BEY**

Plaintiff *pro se*
74 W 92nd Street
#17D
New York, NY 10025
t: (551) 358-1331
e:

/S/ JOHN DE'BEY

JOHN DE'BEY

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants City of New York,
  County of New York, New York City
  Administration for Children's Services, New
  York City Police Department, New York City
  Department of Correction, and New York
  City Health + Hospitals/Metropolitan
100 Church Street, Room 2-106
New York, NY 10007
t: (212) 356-2649
f: (212) 356-1148
e:

By:        _____
           DAVID S. THAYER, Esq.
           *Assistant Corporation Counsel*

The Clerk of Court is respectfully directed to close ECF No. 113

It is **SO ORDERED** this __2nd__ day of __March_____, 2022.

_____
SARAH L. CAVE
United States Magistrate Judge

-8-

**EXHIBIT A**

I, _____JOHN DE'BEY_____, the undersigned, hereby acknowledge that I have read

the Confidentiality and Protective Order & Stipulation (the "Order") filed in the United States

District Court for the Southern District of New York and so-ordered on

_____, 2022, in the action entitled <u>John De'Bey, *et al.* v. City of New

York, *et al.*</u>, No. 20 CV 1034, and understand the terms thereof. I agree not to use the

Confidential Materials defined therein for any purpose other than in connection with the

prosecution or defense of this case, and will not further disclose the Confidential Materials

except in testimony taken in this case. I understand that Confidential Materials and any copies,

notes, or other records that I make regarding Confidential Material shall not be used or disclosed

to others, except in conformity with the Order, and that I may be held in contempt of court if I

violate the terms of the Order.

Dated: _____3 /1/ 2022_____

_____/S/ JOHN DE'BEY_____
Signature

_____JOHN DE'BEY_____
Name (printed)

_____
Occupation