UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DE'BEY,

                Plaintiff,

-v-

THE CITY OF NEW YORK, MUBANGA NSOFU, MARSHA WEEKES, STEPHANIE EIEL, OFFICER CASTELLANO, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, and CONRAD SEIVWRIGHT,

                Defendants.

CIVIL ACTION NO.: 20 Civ. 1034 (PGG) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is pro se Plaintiff John De'Bey's request for a conference to discuss his anticipated motions (i) to compel Defendants to re-produce documents (the "Documents") that Defendants produced on April 1, 2022 by a third-party platform, the link for which has since expired (the "Motion to Compel"), and (ii) for sanctions under Fed. R. Civ. P. 11 "for filing such a frivolous response to [his] complaint" (the "Sanctions Motion"). (ECF No. 147 (the "Request")). Regarding his anticipated Sanctions Motion, Mr. De'Bey notes that, in their Answer, Defendants "outright deny multiple allegations where the [] documents attached to the complaint and other discovery documents provided to the defendants admit what the Plaintiff stated in his complaint[,]" and "assert multiple defenses but fail to make any specifications as to how or why they are entitled to the requested relief sought." (Id. at 1–2).

On December 23, 2022, Defendants responded to the Request, arguing that a conference is not necessary. (ECF No. 149). Defendants claim that the Motion to Compel is moot, because they have re-produced the Documents to Mr. De'Bey. (Id. at 1). Regarding Mr. De'Bey's

anticipated Sanctions Motion, Defendants argue that a "Rule 11 motion is not the vehicle for" Mr. De'Bey's disputes as to Defendants' assertions in their Answer. (Id. at 1–2).

The Request is DENIED. The Court agrees with Defendants that, because they have re-produced the Documents, Mr. De'Bey's Motion to Compel is moot. The Court also finds that Mr. De'Bey's anticipated Sanctions Motion is "premature given the posture of this case." Hernandez v. Miller, No. 22 Civ. 6964 (VSB), 2022 WL 17584025, at *1 (S.D.N.Y. Dec. 12, 2022) (denying Rule 11 motion seeking sanctions for "frivolous legal defenses" asserted in pre-answer motion, and noting that, "while sanctions under Rule 11 may be warranted for unsupportable legal arguments, courts frequently deny them as premature when the motion would force a court to prejudge the merits of a party's legal arguments"); see also Chambers v. NASCO, Inc., 501 U.S. 32, 56 n.19 (1991) ("[I]t is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation[.]"); Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 416 n.6 (S.D.N.Y. 2003) (noting that "Rule 11 motions are not to be employed as devices to test the legal sufficiency of allegations in the pleadings since other motions are available for those purposes"). Mr. De'Bey may renew his request for leave to file the Sanctions Motion, if appropriate, on a proper showing at the summary judgment stage.

Dated:   New York, New York
         December 27, 2022

SO ORDERED.

*(signature)*

**SARAH L. CAVE**
**United States Magistrate Judge**